IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11CR3096 |
| vs. | |
| BRIAN CRAIG DEVINO, | MEMORANDUM AND ORDER |
| Defendant. | |

Devino seeks compassionate release. I will deny the motion without prejudice.

The foregoing said, I make mistakes all the time. This may be one of them. Devino's case is very hard. I have gone back and forth. Originally, I personally wrote an opinion proposing to grant the motion. Yet, after reading the opinion I drafted, I could not in good conscience do what Devino requests. So, I wrote this one.

If Devino appeals, I look forward to guidance from the Court of Appeals. This is particularly true because I hunger for direction from my superiors given the ambiguity of the law and the fact that district-court cases are all over the map. I bet that I am not alone.

I put my reasoning in bullet form:

- Devino supplied meth and a syringe to a woman. Outside his presence, she accidentally overdosed and died. The body was found by her 15-year-old son. This troubles me greatly.
- I sentenced Devino to 240 months in prison and four years of supervised release on March 3, 2012. His criminal history was IV. Later, because he cooperated with the government, I reduced his prison sentence to 180 months.

As things stand now, he is 44 years of age, and he is set to be released from prison on February 26, 2024.

- At the time I sentenced him, I knew that he only had one kidney. But, of course, I did not know that COVID-19 would strike. He is currently held at FCI Englewood where, as of June 24, 2020, there were five confirmed cases of COVID-19 among the inmates. One staff member has also recovered. As of yesterday, there were only two COVID-19-positive inmates at this facility, according to the probation officer assigned to this matter.
- Devino's present medical condition is very serious but stable. He has stage-3 chronic kidney disease (stage 5 requires dialysis). Although he has suffered and still suffers from chronic bronchitis, his recent chest x-ray was clear. Among other things, he also has gout, hypertension, and Hepatitis C. The medical record from the Bureau of Prisons (Filing 78), spans 102 pages. It appears that Devino has been well cared for by the Bureau of Prisons.
- In my opinion, the totality of Devino's medical problems make him especially vulnerable to COVID-19. For example, counsel for Devino points out the following:

> Individuals with kidney disease and hypertension are at especially grave risk of death or serious illness if they contract COVID-19. *Groups at Higher Risk for Severe Illness*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra precautions/groups-at-higher-risk.html (last updated June 25, 2020). Since Mr. DeVino filed his motion, the CDC revised its guidance to make clear that *anyone* with chronic kidney disease is at higher risk of death or severe illness, not just those on dialysis. *See id*. The CDC's decision was no doubt influenced by the accumulation of evidence that COVID-19 wreaks havoc on the kidneys. Filing No. 65 at 7–9; *see, e.g.*, Yichun Cheng et al., *Kidney Disease is Associated With In-Hospital Death of Patients With COVID-19*, 97 KIDNEY INT'L 829, 829 (2020), https://www.kidney-

international.org/article/S0085 2538(20)30255-6/pdf. Hypertension, meanwhile, "is a recognized comorbidity associated with severe cases of COVID-19." *Burke*, 2020 WL 3000330, at *2. And with both of these conditions, Mr. DeVino[1] is at even greater risk than those with only one or the other. *Groups at Higher Risk for Severe Illness*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated June 25, 2020) ("The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19.").

(Filing 83, at CM/ECF pp. 7-8.)

- The probation officer has done a superb job of investigating this matter. The report appears at Filing 80.
- According to BOP records, Devino completed several adult continuing-education courses including Getting Right With Your Taxes, Building Trades, Business Fundamentals, Electronic Library Training, Spanish, Nutrition, Wellness, and Training Ministers Institute. He does not have a disciplinary record in the BOP.
- As shown by the probation officer's thorough investigation, Devino has an extremely good release plan. Devino proposes to live with his father in the Phoenix, Arizona, area in a home valued at approximately $450,000, and federal probation in Arizona has agreed to accept supervision and has approved the home. While the elder Devino will have to remove weapons from his home, he agrees to do so. The residence is a two-story home with five bedrooms. Mr. Devino's bedroom would be one of the four bedrooms

---

[1] Counsel spells the Defendant's name "DeVino"—that is, by capitalizing the letter "V." I have used the spelling of the Defendant's name as shown on the docket.

that are upstairs. He would have a full bathroom to himself. Devino has a $20,000 inheritance from his mother that he may use for support.

- Despite the foregoing, Arizona, including the Phoenix area, is a hot spot for COVID-19. In that area, cases are exploding.[2] Allowing Devino to reside in Arizona seems somewhat counter-intuitive if COVID-19 is the concern and he is relatively safe at the prison wherein he is presently confined.

- The warden denied Devino's request for compassionate release on June 19, 2020. Like Judge Rossiter from the District of Nebraska, I follow Nebraska Chief Judge John Gerrard's opinion in *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *1-2 (D. Neb. May 26, 2020) (rejecting the government's argument that an inmate must administratively appeal a denial of relief from the warden before seeking judicial review). *United States v. Starkey*, No. 8:17CR242, 2020 WL 3868842, at *1 (D. Neb. July 9, 2020). In short, the Defendant has exhausted that which is required by the statute.

- Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may the grant the motion if extraordinary and compelling reasons warrant the reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* And pursuant to U.S.S.G. § 1B1.13(2), the court must also find that the defendant is not a danger to the safety of any other person or to the community.

- I find and conclude that Devino has failed, albeit not by much, to jump through the relevant hoops. "Extraordinary and compelling" reasons are not present, and to the extent they are, they do not warrant a reduction of his prison sentence when balanced against the nature of the offense and the relative

---

[2] See, for example, the Washington Post's daily tracker, https://www.washingtonpost.com/graphics/2020/national/coronavirus-us-cases-deaths/ (select Arizona).

safety of Devino at his present place of confinement. I acknowledge that his conduct in the Bureau of Prisons suggests that Devino is no longer a danger to the community after serving a relatively long time in prison. That said, he accidentally killed a person by supplying her with drugs and a syringe. To reduce his sentence now would in my view undermine the seriousness of the offense regarding Devino's specific conduct and more generally undermine the notion of general deterrence.

IT IS ORDERED that the motion for compassionate release (Filing 65) is denied without prejudice. The Clerk shall send a copy of this opinion to Kit Lemon, the Chief United States Probation Officer, and to SUSPO Kurtenbach. I commend Mr. Kurtenbach, more than I can adequately express, for his skill, dedication, and objectivity.

July 15, 2020.                                    BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge